Shauck, J.
There is no inconsistency in the finding’ of the circuit court, that the conveyance from George Parsons to his son, was in part for a valuable consideration, and in part a gift by way *484 of advancement. Firestone v. Firestone, 2 Ohio St., 415; Swihart et al. v. Shaum et al, 24 Ohio St., 432; The difference between the consideration paid and the value of the land conveyed, suggested that the transaction involved a gift. Of its probative effect, it is sufficient to say that this difference, in connection with other evidence offered, satisfied the circuit court that there was a gift by way of advancement.
In a learned and exhaustive argument, counsel for the plaintiffs in error contend that the circuit court erred in charging their share of the estate of their grandfather with a gift of this character made to their father. The cases cited well sustain the proposition that according to the long settled and consistent policy of this state, the course of descents is prescribed exclusively' by statute. But this is a rule of inheritance and not a rule of construction. It does not mean that in the application of the provisions of the statute, courts should be unmindful of the equality of inheritance which appears to be a leading object; nor that regard should not be had to all statutory provisions which relate to the subject matter.
The descent of the estate of George Parsons, in-view of his intestacy and the survivorship of some of his own children, and the children of his son William, who had died before him, is determined by the provisions of section 4166, Revised Statutes. This section is a re-enactment, without substantial change, of section seven, of the act of March 14, 1853, to regulate descents. It provides that the estates shall so descend, “that the legal .representatives of the deceased child’*' * * of the intestate, shall inherit equal parts of that portion of the estate to which such deceased child * *485 * * would be entitled if such deceased child * * * were living.” Manifestly, this section introduces the principle of representation, for the benefit of those who stand in the position of the plaintiffs in error and who would otherwise be wholly excluded from the inheritance. The section was under consideration in Dutoit v. Doyle et al., 16 Ohio St. 400, where the principle of representation was recognized, and made the basis of the conclusion, that in eases of this character, grandchildren take per stirpes, and not per capita. To the representative character with which they are thus clearly invested, representative rights are appropriate; and full effect should be given to the provision which defines their inheritance, and limits it to ‘‘that portion of the estate to which such deceased child would be entitled if such deceased child were living.” The authorities cited by counsel for defendants in error, seem to sustain the conclusion for which he contends, and which is well stated in "Woerner’s Law of Administration, § 554: “A sound rule seems to be, that in all eases where grandchildren take per stirpes, or in right of their parents, they take subject to advancements to their parents, but not so when they take per capita, or in their own right. ” The general course of decisions is in accord with Dutoit v. Doyle et al., that inheritance by representation must be per stirpes, so that the rights of representatives may equal, but not exceed, those of their principal.
The provisions quoted from the statute of descents, are in pari materia with those of section 4169, etseq., relating to advancements. It is contended, upon the one hand, that the latter provisions support the conclusion drawn from the *486 statute of descents, and, upon the other, that their terms forbid the charging of an advancement to the representatives of him to whom it was made. The provisions directly applicable are those of section 4169:
“If any estate, real or personal, has been given by any intestate in his lifetime as an advancement to any child or children of such intestate, or their descendants, it shall be considered and held to be a part of the estate of the intestate so far as it regards the division and distribution thereof, among his or her children, or their descendants, and shall be taken by such child or children, or their descendants, towards his or her share of the estate of the intestate. ’ ’
Against the soundness of the conclusion of the circuit court, it is urged that our statute of 1853 is dérived from that of Massachusetts, passed in 1835; that section 11, of the'statute of that state,which clearly provides that the representatives of an advanced heir shall be charged as though the advancement had been made directly to them, was omitted from our statute, and that this omission indicates the intention that a different rule should obtain here. But sections 6 and 11 of that statute, relate to the same subject matter, that is, a description of the persons against whom an advancement shall be charged. The section of our statute above quoted, is manifestly more comprehensive than either section of the Massachusetts statute, and its provisions clearly show an intention to combine in one section all the provisions relating to the precise subject. It may be that perspicuity has not followed condensation; but an analysis of the section shows that the advancement to which effect is • given, is an advancement *487 to any child or children of the intestate, or their descendants; the effect is that it shall be charged against such child or children, or their descendants, when there is a division or distribution of the estate of the intestate, whether among his children or their descendants. The comprehensive terms of the section show that the legislature had in view the equality of inheritance which is made prominent in the general scope of the statutes, and that it intended, for the purpose of attaining it in cases of this character, that the “portion” of a deceased child should be charged with an advancement made to him, though the portion should be inherited by his representatives.

The judgment of the circuit court accords with this vieto, and it will be afirmed.

Spear, J., not sitting.